UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAISY THOMAS

v.                                    CASE NO. 8:10-cr-438-T-33AAS

UNITED STATES OF AMERICA
_____/

**ORDER**

This matter comes before the Court pursuant to Daisy Thomas's pro se Motion for Relief from Judgment (Doc. # 503), filed on June 26, 2019. The Government responded in opposition on July 17, 2019. (Doc. # 507). For the reasons that follow, the Motion is denied.

I.  **Background**

In November 2010, the grand jury indicted Thomas for conspiracy to obstruct commerce by robbery, in violation of 18 U.S.C. § 1951 (Count One); obstructing commerce by robbery, in violation of 18 U.S.C. § 1951 (Count Two); and use of a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c) (Count Three). (Doc. # 23). On January 5, 2011, the grand jury returned a second superseding indictment, which included the same three charges against Thomas. (Doc. # 61). At trial, Thomas was found guilty on all three counts. (Doc. # 294). In March 2012, the Court sentenced

1

Thomas to 204 months imprisonment – 60 months as to Count One, 120 months as to Count Two, and 84 months as to Count Three, to run consecutively, followed by 60 months' supervised release. (Doc. ## 332; 333).

Thomas appealed, but the Eleventh Circuit Court of Appeals affirmed Thomas's conviction on June 10, 2013. (Doc. ## 334; 416; 418). The record does not reflect that Thomas sought certiorari with the United States Supreme Court.

In June of 2014, Thomas filed the first in a series of motions challenging her sentence in a separate civil case. Pursuant to 28 U.S.C. § 2255, Thomas alleged that counsel was ineffective by (1) failing to hire a biometric expert to review and testify regarding video surveillance; (2) failing to investigate and interview witnesses who may have helped establish a defense; and (3) disregarding information about potential defenses. Thomas v. United States, 8:14-cv-1399-T-33TBM, (Doc. # 1). The Court appropriately denied this motion. Id. at (Doc. # 9).

In 2016, Thomas filed two more motions in the civil case. The first was a motion for leave to amend her Section 2255 motion based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Id. at (Doc. # 16). This motion was denied. Id. at (Doc. # 18). Thomas then filed

a motion for reconsideration of that denial. Id. at (Doc. # 21). This Court, again, denied the motion. Id. Thomas appealed that denial. Id. at (Doc. # 24). Subsequently, the Eleventh Circuit affirmed, writing that Thomas's motion was an "unauthorized successive [Section] 2255 motion" and the district court lacked jurisdiction to consider it. Id. at (Doc. # 31).

Thomas then filed this Motion in her criminal case, seeking relief from the judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). (Doc. # 503). The Government responded in opposition on July 17, 2019. (Doc. # 507). This Motion is now ripe for review.

**II. Discussion**

Supposedly pursuant to Rule 60(b)(6), Thomas asks for relief from her conviction under the Supreme Court decision, United States v. Davis, 139 S. Ct. 2319 (2019), in which the Court held that the residual clause of the definition for violent felony was unconstitutionally vague under due process and separation of powers principles. (Doc. # 503). Rule 60(b)(6) permits setting aside a judgment for "any other reason justifying relief from the operation of a judgment." Fed. R. Civ. P. 60(b)(6). "It is well established, however, that relief under this clause is an extraordinary remedy which

3

may be invoked only upon a showing of exceptional circumstances." Ackermann v. United States, 340 U.S. 193, 202 (1950).

In order to bring a successful motion pursuant to Rule 60(b)(6), the party seeking relief must prove that "absent such relief, an 'extreme' and 'unexpected' hardship will result." United States v. Swift & Co., 286 U.S. 106, 119 (1932). Also, the motion "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). "Reasonableness" is case specific, and courts consider two factors: "the reasons for the delay and the potential for prejudice to the non-movant." Harduvel v. General Dynamics Corp., 801 F. Supp. 597, 603 (M.D. Fla. 1992). Here, the Court does not find, and Thomas does not provide, any evidence of extraordinary circumstances or a reason for any delay to sustain a Rule 60(b)(6) motion.

More importantly, Thomas's Motion is due to be denied because this "motion for relief from judgment" under Rule 60 is actually an unauthorized successive Section 2255 motion filed without the requisite permission from the Eleventh Circuit. (Doc. # 507 at 3); see Castro v. United States, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a

different legal category."). Congress intended for Section 2255 to "serve as the primary method of collateral attack on a federally imposed sentence." <u>United States v. Jordan</u>, 915 F.2d 622, 629 (11th Cir. 1990). And "Rule 60(b) cannot be used to circumvent restraints on successive habeas petitions." <u>Felker v. Turpin</u>, 101 F.3d 657, 661 (1996).

Thomas previously filed a Section 2255 motion attacking her conviction. <u>Thomas v. United States</u>, 8:14-cv-1399-T-33TBM, (Doc. # 1). Thus, this Motion is a successive Section 2255 motion. (Doc. # 507). "To file a second or successive [Section] 2255 motion, the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it." <u>Farris v. United States</u>, 333 F.3d 1211, 1216 (11th Cir. 2003). Without certification from the Eleventh Circuit Court of Appeals, this Court lacks jurisdiction to consider Thomas's successive motion. <u>Hill v. Hopper</u>, 112 F.3d 1088, 1089 (11th Cir. 1997). Therefore, this Motion is denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Daisy Thomas's pro se Motion for Relief from Judgment (Doc. # 503) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 26th day of July, 2019.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE