UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                CASE NO. 8:10-cr-438-T-33AAS

DAISY LOUISE THOMAS

_____/

## ORDER

This matter comes before the Court pursuant to Daisy Louise Thomas's pro se Emergency Motion for Compassionate Release (Doc. # 523), filed on July 30, 2020. The United States of America responded in opposition on August 11, 2020. (Doc. # 525). For the reasons that follow, the Motion is denied.

## I.   Background

In March 2012, the Court sentenced Thomas to 204 months' imprisonment for conspiracy to commit armed robbery, robbery through use of physical violence, and using, carrying and brandishing of a firearm in furtherance of a crime of violence. (Doc. # 333). Thomas is forty-one years old, and her projected release date is May 16, 2025. (Doc. # 525 at 2).

Now, Thomas seeks compassionate release because she contracted COVID-19 in prison in mid-July and she has certain

1

other medical issues. (Doc. # 523). The United States has responded (Doc. # 525), and the Motion is ripe for review.

## II.  Discussion

The United States argues that Thomas's Motion should be denied on the merits. (Doc. # 525). The Court agrees.

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194–95 (11th Cir. 2010); see also United States v. Diaz-Clark, 292 F.3d 1310, 1317–18 (11th Cir. 2002)(collecting cases and explaining that district courts lack the inherent authority to modify a sentence). Specifically, 18 U.S.C. § 3582(c) sets forth the limited circumstances in which a district court may reduce or otherwise modify a term of imprisonment after it has been imposed. The only portion of Section 3582(c) that potentially applies to Thomas is Section 3582(c)(1)(A)(i), which permits a court to reduce a sentence where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

The Sentencing Commission has set forth examples of qualifying "extraordinary and compelling reasons" for compassionate release, including but not limited to: (1) terminal illness; (2) a serious medical condition that

substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG § 1B1.13, comment. (n.1). Thomas bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019)("Heromin bears the burden of establishing that compassionate release is warranted.").

Thomas primarily seeks compassionate release because she was diagnosed with COVID-19 on July 16, 2020. (Doc. # 523 at 2). Thomas states that she has been suffering "flu-like symptoms" and has become "very sick with all of COVID-19 symptoms no taste no smell chest pains headaches." (Id.). She also asserts that her blood pressure has increased as a result of COVID-19 and that she believes her respiratory system "may be compromised." (Id.). However, the United States notes that medical records from the Bureau of Prisons indicate that Thomas "has only had minor issues due to COVID-19." (Doc. # 525 at 3; Doc. # 528 at 2, 8-9, 12, 14). Indeed, Thomas's "temperature and oxygen readings have been good since her positive test result." (Doc. # 525 at 3).

The Court understands that Thomas is suffering some unpleasant symptoms as a result of COVID-19. But, in light of

the records reflecting that she is not seriously ill, Thomas has not shown that her illness is an extraordinary and compelling reason for compassionate release. See, e.g., United States v. Frost, No. 3:18-CR-30132-RAL, 2020 WL 3869294, at *4 (D.S.D. July 9, 2020)(denying motion for compassionate release by prisoner who tested positive for COVID-19 and had other medical conditions like diabetes, severe coronary artery disease, and COPD because his COVID-19 symptoms were not severe and there was no indication he could not provide self-care while in prison); United States v. Rumley, No. 4:08CR00005, 2020 WL 2499046, at *2 (W.D. Va. May 14, 2020)(denying motion for compassionate release where defendant had contracted COVID-19 but was experiencing minor symptoms); United States v. Eddings, No. 2:09-CR-00074-JAM-AC, 2020 WL 2615029, at *2 (E.D. Cal. May 22, 2020)(denying motion for compassionate release even though defendant had COVID-19 and "medical conditions that could place him at a higher risk of complications" because he was not experiencing any complications).

Nor do Thomas's other medical issues, including respiratory problems, high blood pressure, and a potentially compromised immune system, warrant release. As the United States correctly points out, Thomas has not alleged or shown

how these medical conditions "substantially diminish [her] ability . . . to provide self-care within the environment of a correctional facility." USSG § 1B1.13 comment. (n.1). Thus, her other medical conditions also do not create an extraordinary and compelling reason for compassionate release. See Cannon v. United States, No. CR 11-048-CG-M, 2019 WL 5580233, at *3 (S.D. Ala. Oct. 29, 2019)("[D]espite the many medical afflictions Cannon identifies, he does not state, much less provide evidence, that his conditions/impairments prevent him from providing self-care within his correctional facility. Rather, the medical records provided by Cannon show that his many conditions are being controlled with medication and there is no mention that his conditions are escalating or preventing him from being from being able to provide self-care.").

Finally, the 18 U.S.C. § 3553(a) factors do not support compassionate release. Section 3553(a) requires the imposition of a sentence that protects the public and reflects the seriousness of the crime. The Court agrees with the United States that releasing "Thomas would pose a danger to the community," given the seriousness and violent nature of her crimes. (Doc. # 525 at 10). Thus, even if Thomas had

established an extraordinary and compelling reason, the Court still would not grant her compassionate release.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Daisy Louise Thomas's pro se Emergency Motion for Compassionate Release (Doc. # 523) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>14th</u> day of August, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE