```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                                  CASE NO. 8:10-cr-438-T-33AAS

DAISY LOUISE THOMAS

_____/

**ORDER**

This matter comes before the Court pursuant to Daisy Louise Thomas's pro se Renewed Motion for Relief under Section 3582(c) (Doc. # 537), filed on November 20, 2020. The United States of America responded in opposition on December 15, 2020. (Doc. # 539). For the reasons that follow, the Motion is denied.

I.  **Background**

In March 2012, the Court sentenced Thomas to 204 months' imprisonment for conspiracy to commit armed robbery, robbery through use of physical violence, and using, carrying and brandishing of a firearm in furtherance of a crime of violence. (Doc. # 333). Thomas is forty-one years old, and her projected release date is May 16, 2025. (Doc. # 539 at 1).

Thomas first sought compassionate release from this Court in late July 2020 because she had contracted COVID-19

1

in prison and has certain other medical issues. (Doc. # 523). The Court denied that motion on August 14, 2020, finding that Thomas's mild case of COVID-19 and her other medical conditions do not constitute an extraordinary and compelling reason for compassionate release and that the Section 3553(a) factors did not weigh in favor of release. (Doc. # 529).

Now, Thomas again seeks compassionate release based on various medical conditions and her fear of contracting COVID-19 a second time. (Doc. # 537). The United States has responded (Doc. # 539), and the Motion is ripe for review.

## II.   Discussion

The United States argues that Thomas's Motion should be denied on the merits. (Doc. # 539). The Court agrees.

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); see also United States v. Diaz-Clark, 292 F.3d 1310, 1317-18 (11th Cir. 2002)(collecting cases and explaining that district courts lack the inherent authority to modify a sentence). Specifically, 18 U.S.C. § 3582(c) sets forth the limited circumstances in which a district court may reduce or otherwise modify a term of imprisonment after it has been imposed. The only portion of Section 3582(c) that potentially

2

applies to Thomas is Section 3582(c)(1)(A)(i), which permits a court to reduce a sentence where "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

The Sentencing Commission has set forth examples of qualifying "extraordinary and compelling reasons" for compassionate release, including but not limited to: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG § 1B1.13, comment. (n.1). Thomas bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019)("Heromin bears the burden of establishing that compassionate release is warranted.").

Thomas primarily seeks compassionate release based on her alleged increased vulnerability to COVID-19 based on her pre-existing conditions of asthma, hypertension, high blood pressure, cysts, and obesity. (Doc. # 537 at 11). She also argues that the BOP's response to the pandemic has been insufficient at her facility. (Id. at 7).

Even assuming the "catch-all" provision allows the Court to find an extraordinary and compelling circumstance besides those enumerated in USSG § 1B1.13, Thomas has failed to establish an extraordinary and compelling reason for compassionate release. The Court has already held that many of Thomas's medical issues, including asthma and hypertension, do not qualify as extraordinary and compelling circumstances. (Doc. # 529 at 4-5). The Court again holds that her various medical conditions are not an extraordinary and compelling reason for release because Thomas has not established that her medical conditions substantially diminish her ability to provide self-care in prison. See USSG § 1B1.13 comment. (n.1); see also Cannon v. United States, No. CR 11-048-CG-M, 2019 WL 5580233, at *3 (S.D. Ala. Oct. 29, 2019)("[D]espite the many medical afflictions Cannon identifies, he does not state, much less provide evidence, that his conditions/impairments prevent him from providing self-care within his correctional facility. Rather, the medical records provided by Cannon show that his many conditions are being controlled with medication and there is no mention that his conditions are escalating or preventing him from being able to provide self-care."). "While [Thomas's] medical conditions [] may make [her] more

4

vulnerable to COVID-19, the Court is not convinced that this increased vulnerability is an extraordinary and compelling circumstance." United States v. Shevgert, No. 8:08-cr-44-33TBM, 2020 WL 5759504, at *2 (M.D. Fla. Sept. 28, 2020).

Furthermore, the Court agrees with the Third Circuit that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). The Court understands that a high number of inmates have tested positive for COVID-19 at Thomas's facility, but this does not support that the BOP is taking insufficient steps to protect inmates there. And while the Court appreciates that Thomas has taken steps to rehabilitate herself in prison, these steps also do not warrant compassionate release.

To the extent the Motion can be construed as requesting release to home confinement, the Motion is also denied. The Court has no authority to direct the Bureau of Prisons (BOP) to place Thomas in home confinement because such decisions are committed solely to the BOP's discretion. See United

5

States v. Calderon, No. 19-11445, 2020 WL 883084, at *1 (11th Cir. Feb. 24, 2020)(explaining that district courts lack jurisdiction to grant early release to home confinement pursuant to Second Chance Act, 34 U.S.C. § 60541(g)(1)(A)). Once a court imposes a sentence, the BOP is solely responsible for determining an inmate's place of incarceration to serve that sentence. See Tapia v. United States, 564 U.S. 319, 331 (2011)("A sentencing court can recommend that the BOP place an offender in a particular facility or program . . . [b]ut decision making authority rests with the BOP."); 18 U.S.C. § 3621(b)("The [BOP] shall designate the place of the prisoner's imprisonment[.]"). Thus, any request for home confinement falls outside Section 3582(c)'s grant of authority.

Finally, as the Court previously held (Doc. # 529 at 5-6), the 18 U.S.C. § 3553(a) factors do not support compassionate release. Section 3553(a) requires the imposition of a sentence that protects the public and reflects the seriousness of the crime. The Court again agrees with the United States that releasing "Thomas would pose a danger to public safety if released," given the seriousness nature of her crimes. (Doc. # 539 at 17). Despite her claim that she is a non-violent offender (Doc. # 537 at 1), Thomas's crimes in

6

this case — conspiracy to commit armed robbery, robbery through use of physical violence, and using, carrying and brandishing of a firearm in furtherance of a crime of violence — were violent. Thus, even if Thomas had established an extraordinary and compelling reason, the Court still would not grant her compassionate release.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Daisy Louise Thomas's pro se Renewed Motion for Relief under Section 3582(c) (Doc. # 537) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 31st day of December, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE