```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

UNITED STATES OF AMERICA

v.                                          CASE NO. 8:10-cr-438-VMC-AAS

DAISY LOUISE THOMAS

_____/

**ORDER**

This matter comes before the Court pursuant to Daisy Louise Thomas's pro se "Emergency Motion Requesting Home Confinement and/or a Reduction in Sentence" (Doc. # 580), filed on November 24, 2021. The United States of America responded in opposition on December 9, 2021. (Doc. # 582). For the reasons that follow, the Motion is denied.

I.  **Background**

In March 2012, the Court sentenced Thomas to 204 months' imprisonment for conspiracy to commit armed robbery, robbery through use of physical violence, and using, carrying and brandishing of a firearm in furtherance of a crime of violence. (Doc. # 333). Thomas is forty-two years old, and her projected release date is May 16, 2025. (Doc. # 582 at 2).

Thomas first sought compassionate release from this Court in late July 2020 because she had contracted COVID-19

1

in prison and has certain other medical issues. (Doc. # 523). The Court denied that motion on August 14, 2020, finding that Thomas's mild case of COVID-19 and her other medical conditions did not constitute an extraordinary and compelling reason for compassionate release and that the Section 3553(a) factors did not weigh in favor of release. (Doc. # 529). Then, in November 2020, Thomas again sought compassionate release based on various medical conditions and her fear of contracting COVID-19 a second time. (Doc. # 537). The Court denied that motion on December 31, 2020, for the same reasons the first motion was denied. (Doc. # 543).

Now, Thomas for a third time seeks compassionate release or home confinement based primarily on the COVID-19 pandemic. (Doc. # 580). The United States has responded (Doc. # 582), and the Motion is ripe for review.

## II. Discussion

### A. Home Confinement

First, Thomas asks to be released to home confinement. (Doc. # 580 at 7). This request is denied. The Court has no authority to direct the Bureau of Prisons (BOP) to place Thomas in home confinement because such decisions are committed solely to the BOP's discretion. See United States v. Calderon, No. 19-11445, 2020 WL 883084, at *1 (11th Cir.

Feb. 24, 2020) (explaining that district courts lack jurisdiction to grant early release to home confinement pursuant to Second Chance Act, 34 U.S.C. § 60541(g)(1)(A)). Once a court imposes a sentence, the BOP is solely responsible for determining an inmate's place of incarceration to serve that sentence. See Tapia v. United States, 564 U.S. 319, 331 (2011) ("A sentencing court can recommend that the BOP place an offender in a particular facility or program . . . [b]ut decision making authority rests with the BOP."); 18 U.S.C. § 3621(b) ("The [BOP] shall designate the place of the prisoner's imprisonment[.]"). Thus, any request for home confinement falls outside Section 3582(c)'s grant of authority.

B. **Compassionate Release**

Regarding compassionate release, the United States argues that Thomas's Motion should be denied on the merits. (Doc. # 582). The Court agrees.

A term of imprisonment may be modified only in limited circumstances. 18 U.S.C. § 3582(c). In the Motion, Thomas argues that her sentence may be reduced under Section 3582(c)(1)(A)(i), which states:

> the court, upon motion of the Director of the Bureau of Prisons [(BOP)], or upon motion of the defendant after the defendant has fully exhausted all

3

>administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). "The First Step Act of 2018 expands the criteria for compassionate release and gives defendants the opportunity to appeal the [BOP's] denial of compassionate release." United States v. Estrada Elias, No. 6:06-096-DCR, 2019 WL 2193856, at *2 (E.D. Ky. May 21, 2019) (citation omitted).

The Sentencing Commission has set forth the following exhaustive qualifying "extraordinary and compelling reasons" for compassionate release: (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. USSG § 1B1.13, comment. (n.1); see also United States v. Bryant, 996 F.3d 1243, 1248 (11th Cir. 2021) ("In short, 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does

4

not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence."). Thomas bears the burden of establishing that compassionate release is warranted. See United States v. Heromin, No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) ("Heromin bears the burden of establishing that compassionate release is warranted.").

Thomas primarily seeks compassionate release based the COVID-19 pandemic, to which she asserts she is especially vulnerable. (Doc. # 580 at 20, 35). Thomas has failed to establish an extraordinary and compelling reason for compassionate release. The Court has already held that many of Thomas's medical issues, including asthma and hypertension, that she described in previous motions do not qualify as extraordinary and compelling circumstances. (Doc. # 529 at 4-5; Doc. # 543 at 4). To the extent Thomas is still relying on these medical conditions as grounds for compassionate release, the Court again holds that these various medical conditions are not an extraordinary and compelling reason for release. Thomas has not established that her medical conditions substantially diminish her ability to provide self-care in prison or are terminal illnesses. See USSG § 1B1.13 comment. (n.1); see also Cannon

v. United States, No. CR 11-048-CG-M, 2019 WL 5580233, at *3 (S.D. Ala. Oct. 29, 2019) ("[D]espite the many medical afflictions Cannon identifies, he does not state, much less provide evidence, that his conditions/impairments prevent him from providing self-care within his correctional facility. Rather, the medical records provided by Cannon show that his many conditions are being controlled with medication and there is no mention that his conditions are escalating or preventing him from being able to provide self-care."). "While [Thomas's] medical conditions [] may make [her] more vulnerable to COVID-19, the Court is not convinced that this increased vulnerability is an extraordinary and compelling circumstance." United States v. Shevgert, No. 8:08-cr-44-VMC-TBM, 2020 WL 5759504, at *2 (M.D. Fla. Sept. 28, 2020).

Furthermore, the Court agrees with the Third Circuit that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Additionally, Thomas has already had COVID-19 and, in July of 2021, was vaccinated for COVID-19. (Doc. # 582 at 2).

6

Thomas's fully vaccinated status further undermines any argument for release based on Covid-19.

Finally, as the Court previously held (Doc. # 529 at 5-6; Doc. # 543 at 6), the 18 U.S.C. § 3553(a) factors do not support compassionate release and Thomas has not shown that she is not a danger to the community. Section 3553(a) requires the imposition of a sentence that protects the public and reflects the seriousness of the crime. The Court agrees with the United States that "[r]eleasing Thomas would pose a danger to the community," given the seriousness of her offenses in this case and her criminal history. (Doc. # 582 at 9). Despite her claim that she is a non-violent offender (Doc. # 580 at 24), Thomas's crimes in this case — conspiracy to commit armed robbery, robbery through use of physical violence, and using, carrying and brandishing of a firearm in furtherance of a crime of violence — were violent. Thus, even if Thomas had established an extraordinary and compelling reason, the Court still would not grant her compassionate release.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Daisy Louise Thomas's pro se "Emergency Motion Requesting Home Confinement and/or a Reduction in Sentence" (Doc. # 580) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 17th day of December, 2021.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE